UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____x

JANE DOE,                                           Case No. 22 Civ. 207

          Plaintiff,

      -against-                                **COMPLAINT**
                                         **AND JURY DEMAND**

NICHOLS SCHOOL,

          Defendant.
_____x

Plaintiff Jane Doe,[1] by and through her attorneys, Cuti Hecker Wang LLP, for her

Complaint alleges as follows:

## NATURE OF THE ACTION

      1.      This case arises from the childhood sexual abuse that Plaintiff suffered as

a student at the hands of her teacher, Michael Ekiss, who was employed and supervised by

Defendant Nichols School ("Nichols").

## PARTIES

      2.      Plaintiff Jane Doe is an individual who is domiciled in and a citizen of the

state of California.

      3.      Defendant Nichols School is and at all relevant times was a private school

doing business in Erie County, New York.

      4.      At all relevant times, Michael Ekiss was an employee and/or agent of

Nichols.

---

[1] Plaintiff is using the pseudonym "Jane Doe" in this Complaint in place of her real name. Plaintiff intends to file a motion to proceed under a pseudonym on the basis of her privacy because her allegations concern childhood sexual abuse.

**JURISDICTION AND VENUE**

5.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and is between and among citizens of different states.

6.      This Court has personal jurisdiction over Defendant because it is domiciled in the State of New York.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**JURY DEMAND**

8.      Plaintiff hereby demands a trial by jury on all of her claims in this action.

**FACTUAL ALLEGATIONS**

9.      Plaintiff was a student at Nichols.

10.      During Plaintiff's sophomore year – in either the fall of 1984 or the spring of 1985 – she participated in a school trip to Spain.

11.      Ekiss, a teacher at Nichols, was the chaperone for the school.  Ekiss was approximately 44 years old.

12.      While at a hotel, Ekiss compelled Plaintiff to massage his back while he was not wearing a shirt.  As she did so, a teacher from Nichols's sister school in Oviedo, Spain, walked in and looked at both of them with great concern.  On information and belief, that teacher spoke to and reported the inappropriate conduct to others at Nichols.

13.      Upon their return to the United States, Ekiss continued to show evident interest in Plaintiff.

14.     Plaintiff was flattered by Ekiss's attention and interest and drawn to him as a Nichols teacher and an authority figure who had singled her out as an apparent object of his affection.

15.     During the spring semester of Plaintiff's sophomore year, the careful grooming and manipulation by Ekiss resulted in him sexually abusing her.  Ekiss engaged in an escalating pattern of sexual abuse.

16.     The abuse began with kissing and other foreplay, and quickly advanced to sexual intercourse.

17.     The sexual abuse began when Plaintiff was fifteen years old, and it continued throughout her time in high school.

18.     Ekiss's ongoing sexual abuse of Plaintiff shaped their behavior at Nichols. They interacted at Nichols with an obvious intimacy and familiarity, including openly in front of other Nichols students and employees, and flirted and touched one another in an intimate and inappropriate manner in the school.

19.     Senior officials at Nichols evidently observed this and had concerns about Ekiss's behavior.

20.     Plaintiff was called into the office of Nichols's headmaster and other administrators on multiple occasions during her sophomore and junior year and grilled about what happened with Ekiss in Spain and asked other questions about Ekiss and her interactions with him.

21.     Despite its apparent awareness of the abuse and the stated suspicions and concerns, and despite other evidence of inappropriate behavior by Ekiss, Nichols did nothing to protect Plaintiff, did not stop the ongoing abuse, and failed to supervise its predatory employee.

22.     Plaintiff was severely harmed by Ekiss's abuse.  She was and remains deeply ashamed and humiliated by it.

23.     Ekiss died more than 20 years ago.

24.     This action is timely because it falls within New York CPLR 214-g and is brought within the revival period set forth in that section.

25.     The claims brought herein allege intentional or negligent acts or omissions for physical, psychological, and other injuries suffered as a result of conduct that would constitute sexual offenses as defined in Article 130 of the New York Penal Law and Section 263.05 of the New York Penal Law, and such acts were committed against Plaintiff when she was less than eighteen years of age.

26.     Specifically, the conduct that gives rise to Plaintiff's claims herein would constitute a violation of numerous sections of Article 130 of the New York Penal Law because, *inter alia*, Plaintiff could not consent to sexual activity with her teacher pursuant to Penal Law § 130.05(3)(A).

27.     The revival period in which to commence litigation under CPLR 214-g opened on August 14, 2019.  While the period remained open, the COVID-19 pandemic caused Governor Cuomo to declare a state of emergency in New York State, and to adopt various measures to address the public health emergency.

28.     On March 20, 2020, Governor Cuomo issued Executive Order 202.8 (the "Order").  The Order provided, in relevant part, that "any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding, as prescribed by the procedural laws of the state, including but not limited to the civil practice law and rules, or by any other statute, local law, ordinance, order, rule, or

regulation, or part thereof, is hereby tolled from the date of this executive order until April 19, 2020."

29.     Governor Cuomo subsequently extended the Order through multiple extension orders, such that the tolling provision ultimately expired on November 4, 2020.

30.     The filing deadlines in CPLR 214-g were tolled by operation of Governor Cuomo's executive orders.  Plaintiff is entitled to the benefit of this tolling, pursuant to which her claims are timely.

31.     Plaintiff's claims were also tolled by agreement between the parties to toll all statutes of limitations, and by the conduct and representations of counsel for Nichols.

32.     Because Ekiss died more than 20 years, and because, upon information and belief, his estate closed many years ago, Plaintiff cannot obtain jurisdiction over Ekiss or his estate, and Ekiss's culpable conduct therefore should not be considered in determining Nichols's liability.

33.     Nichols also is not entitled to protection under CPLR 1601 because of the exclusions set forth in CPLR 1602(2)(iv), 1602(7) and 1602(11).

34.     Nichols had a non-delegable duty to Plaintiff, acted with reckless disregard for the safety of others, and acted knowingly or intentionally, and in concert, with Ekiss.

### FIRST CAUSE OF ACTION
#### (Negligence)

35.     Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

36.      Nichols, by virtue of its employment of Plaintiff's teacher and their special relationship with Plaintiff as a minor child and student in and entrusted to its care, had the

duty and responsibility to provide Plaintiff with a safe environment and to supervise and control its employee's actions.

37.     Nichols failed to exercise the degree of care that a reasonably prudent person would have exercised under similar circumstances, and failed to supervise and control its employee.

38.     Nichols, having knowledge of and/or being put on notice of the sexual abuse of Plaintiff and other similarly situated students by Ekiss and other teachers and/or members of its staff, had a duty to remove Ekiss from contact with Plaintiff and to report Ekiss's misconduct to the appropriate criminal and civil authorities in New York State.

39.     Nichols failed to remove Ekiss from having contact with Plaintiff or to report his misconduct to the proper criminal and civil authorities in New York State.

40.     Nichols is liable to Plaintiff for negligence in failing to supervise Ekiss and for retaining Ekiss and failing to remove him from contact with Plaintiff.

41.     Nichols is liable to Plaintiff for failing to exercise reasonable care to protect her from a foreseeable and unreasonable risk of sexual abuse by Ekiss.

42.     The actions and omissions of Nichols were reckless and constituted gross negligence.

43.     As a direct and proximate result of Defendant's negligence, Plaintiff suffered physical injury and sickness and emotional and psychological distress arising therefrom.

44.     As a direct and proximate result of Defendant's negligence, Plaintiff sustained damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Battery)

45.     Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

46.     In committing the acts described above, Ekiss intentionally engaged in unlawful and intentional touching or application of force to Plaintiff's person.

47.     An offensive contact to Plaintiff's person occurred as a result of Ekiss's conduct.

48.     At all relevant times, Ekiss was an employee and/or agent of acting within the scope of his employment.  Nichols is therefore liable for the batteries committed by its teacher under the doctrine of *respondeat superior*.

49.     As a direct and proximate result of the foregoing actions, Plaintiff suffered damages in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants as follows:

a.  Awarding compensatory damages for all physical injuries, emotional distress, psychological harm, anxiety, humiliation, physical and emotional pain and suffering, family and social disruption, and other harm, in an amount to be determined at trial;

b.  Awarding punitive damages in an amount to be determined at trial;

c.  Awarding attorneys' fees and costs pursuant to any applicable statute or law;

d.  Awarding pre- and post-judgment interest on all such damages, fees, and/or costs; and

e.  Awarding such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       March 15, 2022

                              CUTI HECKER WANG LLP

                              By:____/s/ Alexander Goldenberg____
                                   Mariann Meier Wang
                                   Alexander Goldenberg
                                   Eric Hecker
                                   305 Broadway, Suite 607
                                   New York, New York 10007
                                   (212) 620-2607
                                   mwang@chwllp.com
                                   agoldenberg@chwllp.com
                                   ehecker@chwllp.com

                                   *Attorneys for Plaintiff*